918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence William PATTERSON, Jr., Plaintiff-Appellant,
v.
UNIVERSITY HOSPITAL, Defendant-Appellee.
 No. 89-4077.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Clarence William Patterson, Jr., a pro se Ohio resident, appeals the district court's order, entered following a bench trial, dismissing his employment discrimination suit filed pursuant to Title VII, 42 U.S.C. Sec. 2000e et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Patterson was employed by the defendant Hospital from 1970 through 1983 as a clerical specialist. He was discharged on March 5, 1983, for neglect of duty based upon his attendance record. Seeking monetary and injunctive relief, Patterson filed this suit for sex discrimination alleging that defendant's attendance policy was not applied equally to males and females. Patterson alleged that his supervisor, Michael Rives, applied the constructive discipline policy regarding attendance unequally to males and females.
 
 
 3
 A bench trial was ultimately held after which the district court made findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a) and entered judgment in favor of the defendant. The court concluded that the defendant had offered a nondiscriminatory reason for Patterson's discharge which Patterson failed to show was pretextual.
 
 
 4
 On appeal, Patterson reasserts his claim that the constructive discipline guidelines regarding attendance were not fairly applied to him because of supervisor Rives's personal feelings against him.
 
 
 5
 Upon review, we conclude that the district court properly entered judgment for the defendant. The court's findings of fact are not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). The facts also adequately support the court's legal conclusion that Patterson failed to carry his burden of showing that the defendant's nondiscriminatory reason for his discharge was merely pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-56 (1981).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.